HEARD NOV. TERM, 1871.

## STATE *vs.* LONDON.

Where an indictment for larceny lays the ownership of the goods in A, and the proof clearly shows a joint ownership in A and others, the prisoner is entitled to an acquittal, and it is error in the presiding Judge to refuse so to instruct them.

BEFORE GREEN, J., AT SUMTER, OCTOBER TERM, 1871.

Indictment for the larceny of one bale of cotton.

The case, as stated in the brief, was this:

The indictment alleged the cotton to be of the "proper goods and chattels of Thomas O. Sanders."

A jury was called, and the Solicitor for the State opened the case to the jury.

Simon Barnes was the first witness for the prosecution. Upon the question of ownership of the cotton, he testified that Thomas O. Sanders owned one-half the bale, and the other half belonged to witness and Daniel Diggs and others. He spoke of the bale as "our cotton" and "my cotton," but afterwards said that Sanders was to sell the cotton and the division was to be in the money proceeds of sale. He also stated that when Sanders wished to sell the cotton, witness and Diggs interposed and objected, insisting on holding it for a rise in the market.

Daniel Diggs was the second witness, and corroborated the testimony of Simon Barnes.

Thomas O. Sanders was the third and last witness on this point, and made the same statement as to the ownership. He claimed but one-half the bale, and said that when the stolen bale was recovered

and sold by him, he retained one-half the money, and paid over the other half to Barnes, Diggs, *et al.* He also said that in case of rendering at the time a schedule of his personal effects, he would have included in such schedule but one-half of this bale of cotton ; and in case of a levy by the Sheriff, he would have been obliged to have excepted one-half the bale as the property of others.

Counsel for the defence requested the Court to instruct the jury that the variance between the allegation of ownership in the indictment and the proof was fatal, and the defendant was entitled to an acquittal.

This instruction the Court refused to give, and the defendant, by his counsel, then and there excepted.

The Court instructed the jury that if they believed that no severance or division of interest occurred or was intended prior to sale of the cotton, that the cotton was held by T. O. Sanders as his goods, sufficiently so to sustain the indictment.

To this instruction the defendant, by his counsel, then and there, and in the presence of the jury, excepted.

The prisoner appealed.

*Fleming,* for appellant.

*Atkinson,* Solicitor, *Blanding & Richardson,* contra.

March 11, 1872. The opinion of the Court was delivered by

WRIGHT, A. J. The indictment alleged the cotton to be of the proper goods and chattels of one Thomas O. Sanders. All the testimony offered on the part of the State disclosed a joint ownership of the cotton in Sanders, Diggs, Barnes and others. Counsel for the defence requested the Court to instruct the jury " that the variance between the allegation of ownership in the indictment and the proof, was fatal, and that the defendant was entitled to an acquittal."

The Court refused to give the instruction, and the defendant excepted. The Court then charged the jury "that if they believed that no severance or division of interest occurred or was intended prior to sale of the cotton, that the cotton was held by T. O. Sanders, sufficiently so to sustain the indictment," to which exception was also taken.

In general, when the testimony is at all conflicting, the jury may determine to which side it will give preponderating weight, and thus settle the facts, although the nature of the evidence may render the task difficult. This is their province, and cannot be assumed by the Court. Where, however, the proof shows that one ingredient or ele-

ment necessary to constitute the offence charged is entirely wanting, it is the right and duty of the Court so to declare to the jury; for if there is an absence of proof, the defendant is entitled to the verdict. The legal character of the charge must be made known to the jury by the Court. The counsel, therefore, had the right to ask the Judge to instruct the jury, that there had been a total failure of proof as to the ownership alleged in the indictment, for if the averment was not sustained by proof, an acquittal was a matter of course. There was not a particle of testimony that the title to the cotton was to remain in Sanders until a sale of it should be made, and yet the Judge left that question to be decided by the jury—a question that, in the face of the proof, did not arise in the case.

If it is necessary to submit any authority to show that in an indictment for larceny, the ownership, as laid in the indictment, must be proved, it is enough to refer to Arch. Crim. Pl., 118.—*State* vs. *Deryre*, 2 Hill, 287.

The motion is granted, and a new trial ordered.

*Moses*, C. J., and *Wright*, A. J., concurred.